UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CRIMINAL NO. 4:09-cr-00028-01 |
| § | |
| § | CIVIL ACTION NO. 4:13-cv-3404 |
| § | |
| STEVEN DALLAS CHAPMAN § | |

## MEMORANDUM AND ORDER

On May 14, 2014, the court denied Steven Dallas Chapman's motion to vacate, set aside, or correct the 188-month sentence that he received following his conviction for possessing a firearm as a felon. (Dkt. 91). Chapman moves for relief from that decision under Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 107). The government responded and Chapman replied. (Dkts. 109, 112). Based on the record and law, Chapman's motion is denied, for the reasons explained below.

**I.    Background**

In November 2009, Chapman pleaded guilty to violating 18 U.S.C. § 922(g) by possessing a firearm as a felon. In 2010, Chapman was sentenced to 188 months' imprisonment, reflecting an enhancement for three previous Texas convictions for burglary. The convictions were "violent felonies" under the generic elements of a burglary offense described in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B).

On direct appeal, Chapman argued that enhancement was improper because one of his prior convictions did not qualify as a generic offense of burglary for the purpose of the ACCA. The Fifth Circuit rejected that argument and affirmed the judgment, concluding that the record — which included Chapman's judicial confession — was sufficient to establish that his conviction

was for a generic burglary offense and to support the sentence enhancement. *See United States v. Chapman*, 431 F. App'x 337 (5th Cir. June 30, 2011) (per curiam). Chapman did not appeal further by filing a petition for a writ of certiorari.

In November 2013, Chapman filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he repeated the argument that his sentence was enhanced improperly because one of his prior convictions did not qualify as a generic burglary. Chapman based this argument on the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), which held that courts may not look beyond the statute to determine whether a conviction qualified as generic burglary under the ACCA if the statute qualified as "indivisible."

The court concluded that Chapman's motion was untimely under the statute of limitations in 28 U.S.C. § 2255(f)(3) because *Descamps* did not establish a new rule of law that was made retroactive by the Supreme Court. (Dkt. 91, at 5-7). The court concluded that, even if timely filed, Chapman was sentenced appropriately because the burglary statute in Texas Penal Code § 30.02(a)(3) was divisible and unaffected by the holding in *Descamps*. (*Id*. at 7-13). The court denied Chapman's § 2255 motion with prejudice on May 14, 2014. (*Id*. at 15). Chapman did not appeal.

In June 2016, Chapman filed a second motion to vacate his sentence under § 2255, arguing that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down a "residual clause" in the ACCA as void for vagueness. (Dkt. 96). Before filing a second or successive motion under § 2255, a defendant must get authorization from the court of appeals. 28 U.S.C. § 2244(b)(3). That court must certify that the motion contains —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(2) (setting out similar grounds for petitions filed by state prisoners under § 2254). The government moved to dismiss because no Fifth Circuit authorization had been sought or issued. (Dkt. 104).

After the government moved to dismiss, Chapman sought authorization from the Fifth Circuit to file a second or successive motion under § 2255 to challenge his enhanced sentence under *Johnson* and other Supreme Court decisions that considered enhancements under the ACCA. These decisions included *Descamps* and *Mathis v. United States*, 136 S. Ct. 2243 (2016), which held that a prior conviction does not qualify as the generic form of a predicate offense listed in the ACCA if the crime of conviction enumerates various alternative factual means of satisfying a single element. The Fifth Circuit denied Chapman's request for authorization to proceed, issuing an unpublished opinion. *See In re Chapman*, No. 16-20677 (5th Cir. Dec. 20, 2016). The Fifth Circuit observed that *Johnson* did not apply to Chapman, who was not sentenced under the residual clause, and that his reliance on *Descamps* and *Mathis* was "unavailing because those cases did not set forth new rules of constitutional law made retroactively applicable on collateral review by the Supreme Court." *Id*. Because Chapman did not receive authorization to file a second or successive motion for relief under § 2255 from the Fifth Circuit as required, this court dismissed his second motion to vacate for lack of jurisdiction on December 22, 2016. (Dkt. 106).

Chapman has now filed a motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure from the May 2014 judgment denying his initial § 2255 motion. (Dkt. 107). Chapman argues that his enhanced sentence is invalid under a change in Fifth Circuit law in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), which overruled previous cases and held that the Texas burglary statute was indivisible and broader than the generic offense of burglary in

3

the ACCA, meaning that Texas burglary convictions could no longer qualify as sentence enhancements. Reasoning that he is now actually innocent of the enhancement that lengthened his sentence, Chapman argues that the court's finding that his initial § 2255 motion was untimely filed should be set aside under Rule 60(b)(6) of the Federal Rules of Civil Procedure to prevent a miscarriage of justice. (Dkt. 107, at 17). Chapman relies on *McQuiggin v. Perkins*, 569 U.S. 383 (2013), which held that a habeas petitioner's proof of actual innocence can overcome the statute of limitations on federal review.

II.   **Analysis**

    A.   **Motions Under Rule 60(b)(6)**

The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy . . . and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (internal quotation marks and alterations omitted). Rule 60(b)(6) is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Relief under Rule 60(b)(6) is reserved for "extraordinary" circumstances." *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th Cir. 2011). "[C]hanges in decisional law . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief." *Hess*, 281 F.3d at 216.

Rule 60(b) may not be used to circumvent restrictions on second or successive applications for habeas relief, which must be "precertified by the court of appeals as falling within an exception to the successive-petition bar." *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (per curiam) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998). There are only two circumstances in which a district court may consider

4

a Rule 60(b) motion in a habeas proceeding: (1) the motion attacks a defect in the integrity of the proceeding; or (2) the motion attacks a procedural ruling that precluded a merits decision. *See Storey v. Lumpkin*, — F.4th —, 2021 WL 3465685, at *4 (5th Cir. Aug. 6, 2021) (citations omitted). A Rule 60(b) motion that attacks the merits or raises new claims for relief operates as the "functional equivalent" of an unauthorized successive application and must be dismissed for lack of jurisdiction. *Gilkers v. Vannoy*, 904 F.3d 336, 343 (5th Cir. 2018); *United States v. Bernard*, 820 F. App'x 309, 311 (5th Cir. Sept. 9, 2020) (per curiam) (a Rule 60(b) motion that seeks to present a new claim should be treated as an unauthorized second-or-successive petition and dismissed for want of jurisdiction).

    **B.**    **Chapman is Not Entitled to Relief**

Chapman argues that his Rule 60(b) motion is not a successive motion for relief under § 2255 because his claim of actual innocence, which is based on a change in decisional law. He cites *Herrold* as calling into question the court's conclusion that his initial § 2255 motion was untimely and therefore barred by the governing statute of limitations. (Dkt. 107, at 7-15). Chapman cannot show that he is entitled to relief. (Dkt 109, at 13-22). The Fifth Circuit's decision in *Herrold* is based on an interpretation of the Supreme Court's opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Fifth Circuit already determined that *Mathis* is not retroactive and does not apply to Chapman when it denied him authorization to file a second or successive motion under § 2255. *See In re Chapman*, No. 16-20677 (5th Cir. Dec. 20, 2016). The Fifth Circuit has also emphasized that the decision in *Herrold*, which is circuit precedent based on *Mathis*, is not retroactive to cases on collateral review. *See United States v. Wiese*, 896 F.3d 720, 725-26 (5th Cir. 2018) (citations omitted); *see also United States v. Castro*, 755 F. App'x 371, 373 (5th Cir. Nov. 20, 2018) (per curiam) (rejecting a defendant's claim that his Texas burglary convictions no

longer counted as violent felonies under the ACCA under *Herrold*, which did not qualify as a constitutional ruling made retroactive by the Supreme Court). There is no showing of a claim based on a newly recognized right made retroactively applicable to cases on collateral review. Chapman cannot show that his initial § 2255 motion was timely filed or that he is entitled to relief under Rule 60(b)(6).

Equally unavailing is Chapman's argument that he is entitled to relief because a miscarriage of justice will result. *Herrold* does not extend to him.[1] To the extent that Chapman's claim of actual innocence implicates the court's alternative resolution of his initial § 2255 motion on the merits (Dkt. 91, at 7-13), his motion under Rule 60(b)(6) is an unauthorized successive application that must be dismissed for lack of jurisdiction. *See United States v. Pringle*, No. 18-11584, 2019 WL 12276569, at *1 (5th Cir. Oct. 29, 2019) (unpublished) (because the defendant's Rule 60(b)(6) motion based on the change in decisional law in *Herrold* was successive and unauthorized, the district court lacked jurisdiction to address that claim). Chapman cannot prevail on his motion under Rule 60(b)(6).

---

[1] After briefing was completed on the Rule 60(b)(6) motion filed by Chapman, the Supreme Court vacated the judgment in *Herrold* and remanded the case for further consideration in light of intervening precedent. *See United States v. Herrold*, 139 S. Ct. 2712 (2019). The Fifth Circuit reconsidered its decision in light of *Quarles v. United States*, 139 S. Ct. 914 (2019) and *United States v. Stitt*, 139 S. Ct. 399 (2018), and reinstated its holding that the Texas burglary statute is indivisible, but reversed its previous conclusion and held that Texas burglary is generic and constitutes a violent felony under the ACCA. *See United States v. Herrold* (*Herrold II*), 941 F.3d 173, 176, 182 (5th Cir. 2019) (en banc). For the same reasons outlined above, Chapman is not entitled to benefit from the holding in *Herrold II*, because it is a decision from the Fifth Circuit, not the Supreme Court, and does not state a new constitutional rule that applies retroactively on collateral review.

### III. Conclusion

Chapman is not entitled to relief under Rule 60(b)(6). His motion for relief under Rule 60(b)(6) is denied. No certificate of appealability will issue from this decision.

SIGNED on September 1, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge